JOHN WILKERSON *v.* STATE.

[64 South. 420.]

1. RAPE. *Admission of evidence. Reputation of prosecutrix. Criminal law. Appeal. Motion for new trial. Rule 6, par. 3.*

 In a prosecution for rape the bad reputation of the prosecuting witness for unchastity existing prior to the date of the crime is admissible in evidence to show that the sexual intercourse may have been consented to by her.

2. APPEAL. *Presentation below. Motion for new trial. Par. 3, Rule 6.*

 Under Rule 6, paragraph 3 of the supreme court providing that the right of an appellant to obtain a review in that court of any

ruling made in the trial court shall not depend in anywise upon his having filed in such court a motion for a new trial, or if such motion has been filed upon the grounds thereof, being distinctly specified. It is only necessary to assign the error in the supreme court, and when it appears in the record that the error was made by the lower court, and exceptions taken, the error will be considered by that court.

APPEAL from the circuit court of Marshall county.

HON. H. F. MAHON, Judge.

John Wilkerson was convicted of rape and appeals.

This is an appeal from a conviction of rape. Both appellant and the prosecutrix were negroes; the latter being only twelve years of age, which is the age of consent. The prosecutrix, testifying as a witness for the state, stated that appellant ravished her by force. The appellant testified that he met the girl by appointment for the purpose of indulging in sexual intercourse, and that they went together to a ditch for that purpose, but that before the act was committed, the girl's mother was discovered some distance away, and the appellant ran off. There was a verdict of guilty, and the death sentence imposed.

*J. C. Totten,* for appellant.

We submit, that the testimony of the girl should be "scrutinized with caution, and where there is much in the facts and circumstances in evidence to discredit her testimony, it is not sufficient to sustain a verdict of guilty." *Monroe* v. *State,* 71 Miss. 198; *Rawls* v. *State,* 62 So. 420.

It is reversible error not to have allowed appellant to prove the reputation of the girl for chastity. It has always been allowed in order that the jury might better judge whether there was consent or not.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

The law books announce that the uncorroborated evidence of a female will support a conviction unless it is

manifestly on its face inconsistent with consistent facts in the case.

The counsel for appellant cited *Rawls* v. *State,* 62 So. 420, and *Monroe* v. *State,* 71 Miss. 198, as showing that the evidence is not sufficient to convict. In the Rawls case there was strong evidence tending to show that the father of the girl in that case was the guilty party and escaped punishment. Also the defendant as a general rule can bring some member of his family and prove whatever is needful for his defense. Whenever the testimony of the state would warrant a conviction if believed and the jury responds and convicts, the conviction should stand no matter what the witnesses may testify to, for the defendant. The credibility of the witness is entirely for the jury and they are the sole judges of the weight and value that should be given testimony.

In the *Monroe case,* 71 Miss., the court expressly said that a conviction may be had on the uncorroborated testimony of the female, but that her testimony should be scrutinized and if there is much to contradict her testimony it is not sufficient to sustain a conviction. I find no fault with the law thus announced but I feel compelled to protest against its application to the facts as stated in the official report of that case. Perhaps the full facts are not stated and perhaps for this reason this case as reported misleads in such cases. The true rule in all cases tried by a jury, is that if the theory of the state is supported by evidence, of at least one person, and the jury accepts such evidence as being true, any court is bound by the finding of the jury. See *Brown* v. *State,* 60 So. 726. The jury has the sole right to say whose testimony they will believe, and neither the court below nor this court has the right to substitute their individual judgment for the judgment of the jury. *Jackson* v. *State,* 63 So. 269. It is within the knowledge of all men that the physical conditions and the appearance of a witness while testifying, sheds a luminous light on his veracity

and credibility. It is impossible to get this light from the printed page. Wherever the female ravished makes out a case and the jury accepts her version of the case, the court should accept the jury's verdict as final, even though the defense may produce witnesses who contradict her and even though the court on the trial of the facts reached a different conclusion. The argument usually advanced is that rape is easily charged and hard to disprove. This argument may have had force in a different age and time from the present but all men who will think will know that, in this day and time, women and girls feel too keenly the humiliation of going into court, and in the presence of the crowded court room, being subjected to the searching examination which they must go through, laying bare every act and circumstance of their lives, and have a vigorous assault generally made, or attempted to be made, on their characters and have it argued and insinuated that they are of the lowest scums of society. Nothing save a great injury could induce one to undergo this ordeal. The most vulgar and depraved women in the world feel humiliated in having their lives exposed in a court room. While in the private lives they might be bad and bold, still it is like passing through the fires of Hades to go into court and into respectable society and expose their shortcomings.

The case of *Monroe* v. *State,* while no doubt proper on the true facts in the record, needs explaining or qualifying on the facts stated by the reporter, for as the case now stands it has the result and effect of turning loose men who are guilty of this offense or offenses. The Monroe case, however, will not avail this appellant, because the case as made out by the appellant does not bring him under the protection of even that decision.

Cook, J., delivered the opinion of the court.

Appellant was convicted of the crime of rape, and sentenced to be hanged. There are several assignments of error, but we will notice but one.

At the trial appellant offered to prove the general reputation of the prosecutrix for unchastity was bad. To this evidence the district attorney objected, and the objection was sustained by the court. "The bad reputation of the prosecuting witness for unchastity existing prior to the date of the crime is always relevant in evidence to show that the sexual intercourse may have been consented to by her." Underhill, Crim. Ev., section 418; Wigmore on Evidence, section 62, pp. 130, 131; Clark's Crim. Law, 222.

It is contended by the attorney-general that this was not made a special exception by the motion for a new trial in the trial court, and cannot for this reason be availed of here. Paragraph 3 of rule 6 (59 So. 8), promulgated by this court October 7, 1912, reads thus: "The right of an appellant to obtain a review in this court of any ruling made in the trial court shall not depend in anywise upon his having filed in such court a motion for a new trial, or if such motion has been filed upon the grounds thereof being distinctly specified." It is only necessary to assign the error in this court, and when it appears in the record that the error was made by the lower court, and exceptions taken, the error will be considered by this court.

*Reversed and remanded.*