## GISH v. WISNER.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1923.)

No. 3971.

Rape ☞40(1)—Witnesses ☞340(3)—Reputation for chastity of plaintiff admissible in civil action.

> In an action for assault with intent to commit rape, the general reputation of plaintiff for chastity is material, as bearing on the vital question of her consent or nonconsent, and testimony as to such reputation may be considered by the jury in determining the credence to be given her testimony as a witness.

In Error to the District Court of the United States for the Southern District of Mississippi; Henry D. Clayton, Judge.

Action at law by Emeline Gish against J. N. Wisner. Judgment for defendant, and plaintiff brings error. Affirmed.

E. J. Bowers and Girault Farrar, both of New Orleans, La., for plaintiff in error.

W. J. Gex and C. L. Waller, both of Bay St. Louis, Miss., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an action for damages for an assault with intent to commit rape. A plea of the general issue was interposed, and the trial resulted in a verdict for the defendant. The plaintiff's testimony tended to support her declaration; and she assigns error upon the overruling of objections to the testimony of several witnesses to the effect that her general reputation for chastity was bad, and upon a charge of the court that the jury might consider such evidence in determining the credence to be given to her testimony.

At the argument, the defendant suggested that the writ of error should be dismissed for failure of the declaration to disclose the requisite diversity of citizenship; but since then the plaintiff by amendment has cured the defect in the record, and it now clearly appears that the trial court had jurisdiction. Evidence of plaintiff's general reputation for chastity was admissible upon the measure of damages. 22 R. C. L. 1238.

We are of opinion that the charge complained of was proper. Cases are usually of such nature that the general reputations of witnesses for truth and veracity only may be attacked, because other traits of moral character are not considered material or relevant. The plaintiff relies upon this class of cases. But it is of the essence of the crime of rape that the unlawful act be committed by force and against the will of the victim. Hence, in a prosecution or suit for an assault with intent to commit rape, the rule is established by the great weight of authority that the general reputation for chastity of the complaining witness, who claims to be the victim, is material as bearing upon the vital question of her consent or nonconsent. 22 R. C. L. 1208, 1211; 1 Wigmore

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on Evidence, § 62. And, as it appears to us, this rule prevails in Mississippi. In Wilkerson v. State, 106 Miss. 633, 64 South. 420, a conviction of rape was reversed upon the sole ground that the defendant was not permitted to prove the bad general reputation of the prosecutrix for chastity.

The judgment is affirmed.